UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

```
CITIMORTGAGE INC,                      )
UNITED STATES OF AMERICA,              )
                                       )
                Plaintiffs,            )
         vs.                           ) NO. 1:11-cv-01711-TWP-MJD
                                       )
TIMOTHY C PLATT,                       )
SONIA E PLATT,                         )
                                       )
                Defendants.            )
```

## Report & Recommendation

On December 27, 2011, *pro se* Defendants Timothy and Sonia Platt removed this case from the Marion Superior Court. [Dkt. 1]. Originally, Plaintiff Citimortgage, Inc. filed a timely Motion to Remand [Dkt. 7], but subsequently withdrew the Motion [Dkt. 15]. Because this Court questions whether it has subject matter jurisdiction over this matter, the Court issued an Order to Show Cause ("OSC") on March 30, 2012 requiring the Platts to file a statement indicating the jurisdictional basis for removal and requiring the Plaintiff to respond, setting forth its position regarding the Court's subject matter jurisdiction.[1] [Dkt. 27 at 3]. As of April 6, 2012, all parties have responded to the Court's OSC. For the reasons discussed below, pursuant

---

[1] The United States made an appearance in this case based upon the Platts' assertion in their Notice of Removal that the action was being brought pursuant to the False Claims Act on behalf of the U.S. Department of Housing & Urban Development's Federal Housing Administration. [Dkt. 13]. However, the United States has been dismissed from the case after giving notice of voluntary dismissal of the case on its behalf, citing to the fact that the Platts no longer appeared to be pursuing their False Claims Act claim evidenced by the Platts' failure to cite to the False Claims Act in their response to the Court's OSC. [Dkt. 30].

1

to Federal Rule of Civil Procedure 72(a),[2] the Court should remand this matter back to the Marion Superior Court for lack of subject matter jurisdiction.

# I. Background

On February 12, 2010, Citimortgage filed a Complaint in state court against the Platts to foreclose on the Platts' mortgage and to collect on a promissory note. On April 14, 2010, the parties held a settlement conference, which resulted in the parties agreeing to a repayment plan. However, it appears that the repayment plan was not followed and Citimortgage proceeded with this action. On September 29, 2011, Citimortgage filed a Motion for Summary Judgment in the state court, which the Platts opposed. Before the state court could rule on the Motion for Summary Judgment, the Platts removed the case to federal court on December 27, 2011.

# II. Legal Standard

"A federal court may remove to its jurisdiction a civil suit filed in state court so long as the district court has original jurisdiction" and it is the removing party's burden to establish federal jurisdiction. *Doe v. Allied-Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993) (citing 28 U.S.C. § 1441). A federal district court has original jurisdiction in two circumstances. First, a district court has original jurisdiction for all civil cases "arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331. Second, a district court has original jurisdiction for all civil cases where there is diversity of citizenship and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Thus, absent either federal question jurisdiction or

---

[2] This Report & Recommendation is issued pursuant to Fed. R. 72(a) because the matter addressed herein is not among those excepted from determination by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).

2

diversity jurisdiction, the Court lacks subject matter jurisdiction and may not remove a civil suit filed in state court.

Courts construe the removal statute narrowly, with all doubts resolved in favor of remand. *Doe*, 985 F.2d at 911. If it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court shall remand the case to state court. *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 768 (7th Cir. 2011); 28 U.S.C. § 1447(c). Additionally, unlike procedural defects in removal, plaintiffs cannot waive jurisdictional defects and the Court may *sua sponte* remand the action. *See Wisconsin Dept. of Corrections v. Schacht,* 524 U.S. 381, 392 (1998) (courts may remand at any time and without a motion removals that are defective because of lack of subject matter jurisdiction); *Pettitt v. Boeing Co.*, 606 F.3d 340, 343 (7th Cir. 2010).

## III. Discussion

In both their Notice of Removal and their OSC response statement, the Platts fail to satisfy their burden to establish federal subject matter jurisdiction. First, the Court will address federal question jurisdiction. Second, the Court will address diversity jurisdiction. Lastly, the Court will address the issue of whether to award costs and expenses under 28 U.S.C. § 1447.

**1. Federal Question Jurisdiction**

The Platts cite to 28 U.S.C. §1331, as well as various other federal statutes, as a basis for the Court's jurisdiction. [Dkt.1 at 2; Dkt. 28 at 2]. As explained in the Court's OSC, federal courts are courts of limited jurisdiction and to determine if federal question jurisdiction exists, the Court looks to the allegations of a well-pleaded complaint, which must present a federal question on its face. *Burda v. M. Ecker Co*, 954 F.2d 434, 438 (7th Cir. 1992). Therefore, the Platts must demonstrate that Citimortgage's claims, seeking to foreclose a mortgage and collect on a note, present a federal question. The Platts fail to discuss how Citimortgage's Complaint presents a

federal question and the Court finds that the Complaint does not, on its face, present a federal question.

Nor do the Platts' various allegations asserted against Citimortgage in their Notice of Removal and their OSC response statement establish federal jurisdiction.[3] Allegations asserted in a Notice of Removal do not provide a basis for removal. *See Buice v. Buford Broad., Inc.*, 553 F. Supp. 388, 389 (N.D. Ga. 1983) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)) ("neither the defendant's answer nor its petition for removal may be used to establish federal question jurisdiction"). As such, the Platts' various allegations in their Notice of Removal and their OSC response statement do not provide the Court with original jurisdiction that would support removal.

To the extent that the Platts are attempting to assert counterclaims or defenses based upon federal law, such counterclaims and defenses do not establish federal question jurisdiction. *Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 836 (7th Cir. 2003). Thus, the Platts "'may remove only on the basis of claims brought *against* them and not on the basis of counterclaims, cross-claims, or defenses asserted *by* them.'" *Mortg. Elec. Registration Sys., Inc. v. Rothman*, No. 04 C 5340, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005) (quoting Charles Alan Wright & Arthur R. Miller, & Edward H. Cooper, Fed. Prac. & Proc. Juris. § 3733 (3d ed.)). As previously discussed, the claims against the Platts do not provide a basis for removal.

2. **Diversity Jurisdiction**

---

[3] The Court does not express an opinion regarding the merits of the Platts' various allegations against Citimortgage. Nor does the Court express an opinion with regard to the Platts' ability to either file a new action in federal court asserting these allegations against Citimortgage or asserting these allegations as counterclaims in the state court action upon remand. The Platts are free to pursue those options if they so choose.

The Platts have also failed to establish diversity jurisdiction. While citing to various federal statutes in their Notice of Removal and their OSC response statement, the Platts do not mention 28 U.S.C. § 1332; nor do they plead the parties' citizenship or state whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs. A failure to plead diversity jurisdiction adequately is a jurisdictional problem, which deprives the Court of subject matter jurisdiction over the matter. *See The Northern League Inc. v. Gidney*, 558 F.3d 614, 614 (7th Cir. 2009) (per curiam). Thus, the Platts have failed to meet their burden of establishing the existence of federal subject matter jurisdiction.

   **3. Awarding Fees and Costs**

Pursuant to 28 U.S.C. 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In deciding whether to award costs and expenses, "courts should balance the policy objectives of the removal statute and its fee-shifting provision, protecting the right to remove to federal court once certain criteria are met while deterring improper removals as a way to delay litigation." *Micrometl Corp. v. Tranzact Technologies*, Inc., 656 F.3d 467, 470 (7th Cir. 2011) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)). For several reasons, the Court finds that the parties should bear their own costs and expenses, incurred as a result of the removal. First, Citimortgage never specifically asked for costs and expenses under § 1447(c) in its Motion to Remand, which it later withdrew anyway. Second, the Platts are *pro se* and, although bad faith is not necessary to award costs and expenses, the Court finds no evidence that the Platts acted in bad faith or to delay the litigation.

Lastly, the Court finds that Citimortgage's conduct does not support awarding costs and expenses in its favor. In its OSC, the Court ordered Citimortgage to respond to the Platts' OSC

response statement and to set forth Citimortgage's position regarding the Court's subject matter jurisdiction. [Dkt. 27]. The Court finds that Citimortgage's response statement is wholly inadequate. Rather than setting forth its position on the Court's subject matter jurisdiction, Citimortgage merely states that the "Borrowers' current pleadings allege that Citi violated federal law. Accordingly, Citi does not challenge the Court's subject matter jurisdiction over this matter." [Dkt. 32 at 2]. However, not challenging the Court's subject matter jurisdiction does not waive the issue, because if the Court lacks subject matter jurisdiction, it must remand the case.

Additionally, the Court reminds counsel for Citimortgage of the following:

> As officers of the court, lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress; it is precisely to impose a duty of assistance on the bar that lawyers are called "officers of the court." Lawyers also owe it to the judge and the opposing [party] to avoid subjecting them to the burdens of a lawsuit that they know or think may eventually be set at naught, and have to be started over again in another court, because of a jurisdictional problem of which the judge and the opposing [party] may be unaware.

*BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002). Originally, Citimortgage had enough concern about the Court's jurisdiction that it filed a Motion to Remand arguing that the "Platts have not demonstrated or proven that the claims in this case arise under the Constitution, laws, or treaties of the United States …[and] it would be improper for this Court to invoke jurisdiction pursuant to 28 U.S.C. § 1331." [Dkt. 8 at 4]. Citimortgage has failed to explain its changed position, but the Court cautions counsel that it is "improper, indeed sanctionable, and quite possibly unethical" to deliberately avoid raising an issue with the Court's subject matter jurisdiction, particularly if the reason behind counsel's inaction is an attempt to gain some tactical advantage in the case at the expense of propriety. *Id.*

Although primarily awarded to the plaintiff, in certain circumstances, a court may award costs and expenses to the defendant. *See Micrometl Corp.*, 656 F.3d at 470. One of those circumstances is when the plaintiff either misrepresents or withholds facts necessary to determine jurisdiction or fails to inform the Court that no basis for jurisdiction exists. *Id.* (citing cases). Because no evidence exists that Citimortgage misrepresented or withheld facts necessary to determine jurisdiction, the Court declines to award costs and expenses to the Platts. However, because Citimortgage has been less than forthcoming with regard to the Court's subject matter jurisdiction, the Court also declines to award costs and expenses to Citimortgage. Accordingly, the Court finds that no award of costs or expenses pursuant to 28 U.S.C. § 1447(c) is warranted in this case.

## IV. Conclusion

For the reasons discussed above, the Court should remand this matter back to the Marion Superior Court for lack of subject matter jurisdiction with each party bearing its own costs and expenses. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), and failure to file timely objections within the fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 04/23/2012

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Kim A. Leffert
MAYER BROWN LLP
courtnotification@mayerbrown.com

Lucia Nale
MAYER BROWN LLP

7

lnale@mayerbrown.com

David Christopher Nalley
REISENFELD & ASSOCIATES LPA LLC
david.nalley@rslegal.com

Miriam A. Rich
GONZALEZ SAGGIO & HARLAN LLP
richm@gshllp.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov

TIMOTHY C PLATT
2757 Dietz Street
Indianapolis, IN 46203

SONIA E PLATT
2757 Dietz St.
Indianapolis, IN 46203