UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CITIMORTGAGE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-cv-1711-TWP-MJD |
| ) | |
| TIMOTHY C. PLATT, SONIA E. ) | |
| PLATT, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Accepting Magistrate
Judge's Report and Recommendation**

This matter comes before the Court on the Report and Recommendation ("R&R") (Dkt. 33) of Magistrate Judge Mark J. Dinsmore recommending that the Court remand this action to Marion Superior Court. For the following reasons, the Court adopts the R&R and remands the action to Marion Superior Court.

**Report & Recommendation Standard of Review**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a R&R. Fed.R.Civ.P. 72(b)(3). The Court has discretion to receive further evidence or return the matter to the magistrate judge with additional instructions. *Id.* The Court must review *de novo* the portions of the R&R to which specific objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999).

**Discussion**

On March 20, 2012, the Court issued an order to show cause, noting that "the Court cannot conclude it has jurisdiction over this matter." (Dkt. 27). The Court directed the Defendants Timothy and Sonia Platt (the "Platts") to file a statement indicating the jurisdictional basis for removal of the action. Plaintiff Citimortgage, Inc., ("Citimortgage") and the United States were directed to respond to the Platts statement, setting forth their positions regarding the Court's subject matter jurisdiction. Upon consideration of the responses to the order to show cause, the Magistrate Judge issued a R&R which concluded that the federal court lacks subject matter jurisdiction over the action and it should be remanded to the Marion Superior Court. (Dkt. 33).

The Platts filed a timely objection to the R&R. In their objection, the Platts first argue that the R&R was erroneous in stating that there are only two circumstances under which a case can be removed. The Platts' miscomprehend the R&R. For purposes of this case, the R&R correctly states that there are two circumstances under which the district court has original jurisdiction: pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1332 (diversity of citizenship jurisdiction). The Platts' references to jurisdictional provisions inapplicable to this action such as 28 U.S.C. § 1330 (actions against foreign states), § 1333 (admiralty and maritime cases), and § 1334 (bankruptcy cases), fail to provide any basis on which to refute the conclusion of the R&R.

The Platts' also argue the Indiana state court does not have jurisdiction to consider their claims. They contend the state court cannot "enforce DOT regulations" or "consider issues pertaining to federal laws and regulations, civil rights violations, etc," and that therefore, it would be a miscarriage of justice to remand the case. This argument is unsupported. The state

foreclosure claim brought by Citimortgage against the Platts in state court proceeded all the way through a fully briefed summary judgment motion. References to unspecified federal laws and regulations which do not apply to the facts of this case, do not invoke subject matter jurisdiction for a district court.

The Platts further object to the R&R by asserting that they continue to pursue a claim under the False Claims Act, 31 U.S.C. § 3730(b). This portion of the objection discusses a valid and specific basis for the Court's subject matter jurisdiction. However, as noted by the Magistrate Judge, the Platts failed to mention the False Claims Act in their response to the order to show cause. Even if they had in their response asserted 31 U.S.C. § 3730(b) as the basis for a federal claim, they purport to bring such a claim "on behalf of the U.S. Department of Housing & Urban Development's Federal Housing Administration ("FHA"), for false claims being filed by Citimortgage against the FHA Mortgage Insurance Program." (Notice of Removal, Dkt. 1). On February 24, 2012, the United States notified the Court of its decision not to intervene in this case. (Dkt. 14). On March 28, 2012, the United States voluntarily dismissed the case on its behalf.  (Dkt. 30). Therefore, the Platts cannot assert a claim under the False Claims Act, 31 U.S.C. § 3730(b), on behalf of the United States. Therefore, there are no grounds for Jurisdiction on this basis.

Having reviewed *de novo* the Platts' objection to the R&R, it is overruled.  As to any portion not disputed by the Platts, the Court finds no clear error in the R&R. Further, the Platts' request for a hearing is denied.

**Conclusion**

The Court, having reviewed the Platts' notice of removal, the order to show cause issued on March 20, 2012, the parties' responses to the order to show cause, the R&R of Magistrate Judge Mark J. Dinsmore, and the remaining record, does hereby find and **ORDER** the following**:**

(1) The Report and Recommendation is ACCEPTED and ADOPTED;

(2) The Court lacks subject matter jurisdiction over this action; and

(3) The action shall be REMANDED to Marion Superior Court, 49D11-1002-MF-7224.

Date: 03/04/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Timothy C. Platt
2757 Dietz St.
Indianapolis, IN 46203

Sonia E. Platt
2757 Dietz St.
Indianapolis, IN 46203

All electronically registered counsel